**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| KATHARINE LAI, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 07-179 (DRD) |
| | : | |
| v. | : | |
| | : | |
| HUILIN WEI; SHUANG HE; PHILIP KAUFMAN; SUSAN O'CONNOR, and HOAGLAND LONGO MORAN DUNST & DOUKAS LLP, | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |

---

Katharine Lai
45 Blackburne Terrace
West Orange, New Jersey 07052

*Plaintiff Pro Se*

Susan K. O'Connor, Esq.
HOAGLAND, LONGO, MORAN, DUNST, & DOUKAS, LLP
40 Paterson Street
P.O. Box 480
New Brunswick, New Jersey 08903

*Attorneys for Defendants Susan O'Connor and Hoagland, Longo, Moran, Dunst, & Doukas, LLP*

Shaun S. McGregor, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
33 Washington Street
Newark, New Jersey 07102
*Attorneys for Defendant Philip Kaufman*

PHILIP R. KAUFMAN, ESQ.
54 Woodbridge Avenue
Highland Park, New Jersey 08904

*Attorney for Defendants Hui Lin Wei and Shuang He*

**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff Katharine Lai ("Plaintiff") filed a complaint against defendants Hui Lin Wei ("Wei"), Shuang He ("He"), Philip Kaufman ("Kaufman"), Susan O'Connor ("O'Connor"), and Hoagland, Longo, Moran, Dunst, & Doukas, LLP ("Hoagland") (collectively "Defendants") on January 11, 2007, alleging various acts of discrimination (the "Complaint"). In each of the three counts of the Complaint, Plaintiff seeks damages in the amount of $5,000,000 for violations of her rights under the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Fourth Amendment.

Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, defendants O'Connor and Hoagland have requested sanctions pursuant to Fed. R. Civ. P. 11. For the reasons stated below, Defendants' motions to dismiss will be granted and O'Connor and Hoagland's request for Rule 11 sanctions will be denied.

## II. BACKGROUND

From what the court can comprehend from Plaintiff's disorganized statements in the Complaint, this action stems from an ongoing landlord/tenant dispute between Plaintiff and Wei. After being arrested twice by the police in conjunction with the dispute, Plaintiff filed a complaint in this court against the Highland Park Police Department and several officers alleging

violations of her civil rights (Lai v. Highland Park Police Dep't, et al., 06-3402 (KSH)). During discovery in that action, Plaintiff sought to amend her complaint to add the current Defendants. After her application was denied by the Magistrate Judge, Plaintiff filed the Complaint in this action.

The Complaint contains several paragraphs, some of which set forth events that Plaintiff alleges were violations of her civil rights.[1] As to Plaintiff's disability, Plaintiff alleges that she was born with cerebral palsy and "cannot talk, walk or hold a pen like a normal person." (Compl. at p. 1).

Plaintiff alleges that "Ms. Wei and her daughter, Ms. He are Discriminating me [sic] like Chinese did for over 5,000 years." (Id.). Plaintiff claims that Wei lied to Plaintiff in order to rent space in Plaintiff's building to open a massage business. (Id.). Plaintiff alleges that Wei fabricated the lease agreement and failed to keep her promise that she would pay Plaintiff rental payments by bank check or money order. (Id.). Plaintiff claims that Wei failed to pay rent for her use of the parking lot and that Wei and He laughed at Plaintiff's "shaky hands & unbalance [sic] walking steps" and destroyed lights, walls, and ceilings on the second floor of the building. (Id. at p. 2). Finally, Plaintiff alleges that on May 24, 2006, He yelled at her in front of a client. (Id.).

Plaintiff alleges that Kaufman, Wei's lawyer in the tenancy proceedings, is "discriminating me [sic] as a Disabled, Chinese, Woman Property Owner too." (Id.). Plaintiff claims that Kaufman sent Plaintiff a "wrongful" letter, repeatedly laughed at her poor English,

---

[1] A substantial portion of the Complaint refers to events that do not allege any civil rights violations. For example, Plaintiff discusses events from several tenancy proceedings in state court that are irrelevant to her current claims.

and threatened to sue her.  (Id.).  Plaintiff further alleges that Kaufman taught Wei and He how to use certain documents to mislead police into believing that Plaintiff had no right to evict them and that Kaufman was "one of the pushing hand [sic] behind" Plaintiff's two arrests.  (Id.).  Additionally, Plaintiff claims that during a June 14, 2006 tenancy proceeding, Kaufman laughed at Plaintiff about the arrests and her poor English and accused her of fabricating the lease.  (Id. at p. 3).

Plaintiff's allegations against O'Connor and Hoagland arise from O'Connor's representation of the Highland Park Police Department in Lai v. Highland Park Police Dep't et al.  (Id.).  Plaintiff alleges that O'Connor "never stop [sic] to play [sic] FAST TRICKS on me. . . . Filed FRIVOLOUS motions to dismiss my case without LEAVE of COURT. . . . Served me documents PASSED [sic] the DEADLINE to Rip Off my Legal Rights, hiding  [sic] police records from me, influenced Court Clerk [sic] . . ." (Id.).  She claims that O'Connor served discovery and answers to Plaintiff's discovery past the deadline, and that her legal rights "are only a funny joke to them."  (Id.).

### III.  DISCUSSION

**A.   Defendants' Motion to Dismiss**

    **1.   Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73.  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations."  Schrob

v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

### 2. Claim Under the Civil Rights Act of 1964

Pursuant to 42 U.S.C. § 1983, a plaintiff may bring an action for deprivation of civil rights.  42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 "does not create substantive rights, but provides a remedy for the violation of rights created by federal law."  Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  To establish a prima facie case under § 1983, a plaintiff must demonstrate: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."  Id.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach ' "merely private conduct, no matter how discriminatory or wrongful." ' "  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948))).  Section 1983 liability "attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.' "  National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (quoting Monroe v. Pape, 365 U.S. 167, 172 (1961)).

Here, Plaintiff does not allege, nor can the court glean, any facts in the Complaint that would establish that the Defendants acted under color of state law. Because Plaintiff has failed to establish a prima facie case under 42 U.S.C. § 1983, her claim under the Civil Rights Act of 1964 will be dismissed.

### 3. Claim Under the ADA

The primary purpose of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., is " 'to diminish or to eliminate the stereotypical thought processes, the thoughtless actions, and the hostile reactions that far too often bar those with disabilities from participating fully in the Nation's life, including the workplace.' " Buskirk v. Apollo Metals, 307 F.3d 160, 166 (3d Cir. 2002) (quoting US Airways, Inc. v. Barnett, 535 U.S. 391, 401 (2002)). The ADA covers three main areas where discrimination against individuals with disabilities exists: (1) employment; (2) services, programs, and activities provided by a public entity; (3) public accommodations and services operated by private entities. See 42 U.S.C. § 12101, et seq.

In the Complaint, Plaintiff fails to allege any facts that support a claim under the ADA. Her allegations do not involve any claims of employment discrimination, discrimination involving services, programs, or activities provided by a public entity, or public accommodations and services operated by private entities. Thus, her claim under the ADA will be dismissed.

### 4. Claim Under the Fourth Amendment

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.  "[T]he fourth amendment was intended as a restraint on the activities of the government and its agents and is not addressed to actions, legal or illegal, of private citizens. <u>U.S. v. Mekjian</u>, 505 F.2d 1320, 1327 (5th Cir. 1975) (citing <u>Burdeau v. McDowell</u>, 256 U.S. 465 (1921)).

Plaintiff fails to allege anything in the Complaint that would support a claim under the Fourth Amendment.  Plaintiff does not allege that she has been subject to an unreasonable search or seizure by any of the Defendants.  Furthermore, because all of the individual defendants are private citizens and Hoagland is a private professional practice, there is no basis for Plaintiff's Fourth Amendment claims against the Defendants.  <u>See</u> <u>Bey v. Garcia</u>, No. Civ. A. 06-1180, 2006 WL 1207980, at *9 (D.N.J. May 2, 2006) (dismissing § 1983 and § 1981 claims where defendants were private individual and private law firm).  Thus, Plaintiff's Fourth Amendment claim will be dismissed.

**B.     O'Connor and Hoagland's Motion for Rule 11 Sanctions**

In addition to their motion for a dismissal, defendants O'Connor and Hoagland have requested sanctions pursuant to Fed. R. Civ. P. 11.  Pursuant to Rule 11, "by presenting to the court . . . a pleading, . . . an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claim, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the

> establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction . . . ." Fed. R. Civ. P. 11(c).

A Rule 11 sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). The sanction imposed by the court:

> may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed. R. Civ. P. 11(c)(2). "When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Fed. R. Civ. P. 11(c)(3).

Under the "safe-harbor" provision of Rule 11, a motion for sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). Additionally, a motion for sanctions under Rule 11 "<u>shall be made separately from other motions</u> or requests and shall describe the specific

conduct alleged to violate subdivision (b)." Fed. R. Civ. P. 11(c)(1)(A) (emphasis added).

Here, O'Connor and Hoagland have requested sanctions under Rule 11, but have failed to comply with Rule 11(c)(1)(A), which requires that the motion be filed separately from their motion to dismiss. Therefore, their request cannot be construed as a proper motion for sanctions under Rule 11 and must be denied. See Clement v. Pub. Serv. Elec. & Gas Co., 122 F. Supp. 2d 551, 554-55 (D.N.J. 2000) (granting motion to dismiss but denying defendant's motion for sanctions for failure to comply with Rule 11(c)(1)(A)); Fosnocht v. Demko, 438 F. Supp. 2d 561, 565-66 (E.D. Pa. 2006) (finding that defendants' discussion of sanctions could not be construed as a proper motion for sanctions under Rule 11 where it was not made separately from defendants' other motions).

Under Rule 11, "[o]n its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Fed. R. Civ. P. 11(c)(1)(B). In deciding Defendants' motion to dismiss, the court has determined that Plaintiff likely violated Rule 11. However, given what is apparently an extensive history of abuse of the judicial system by the Plaintiff, the court will grant the Defendants leave to file proper motions for Rule 11 sanctions.[2]

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be granted and O'Connor and Hoagland's request for Rule 11 sanctions will be denied. Defendants will be

---

[2]Subsequent to their motion to dismiss, on May 9, 2007, defendants Wei and He filed a motion for Rule 11 sanctions. That motion will be considered along with any motions submitted by the remaining defendants.

9

granted leave to file proper motions for Rule 11 sanctions, and the court will retain jurisdiction over this matter to entertain such motions.  The court will enter an order implementing this opinion.


                                                  /s/ Dickinson R. Debevoise
                                                  DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:       May 14, 2007