NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

KATHARINE LAI,

        Plaintiff,

    v.

HUILIN WEI; SHUANG HE; PHILIP KAUFMAN; SUSAN O'CONNOR, and HOAGLAND LONGO MORAN DUNST & DOUKAS LLP,

        Defendants.

---

Civ. No. 07-179 (DRD)

**O P I N I O N**

Katharine Lai
45 Blackburne Terrace
West Orange, New Jersey 07052

*Plaintiff Pro Se*


Susan K. O'Connor, Esq.
HOAGLAND, LONGO, MORAN, DUNST, & DOUKAS, LLP
40 Paterson Street
P.O. Box 480
New Brunswick, New Jersey 08903

*Attorneys for Defendants Susan O'Connor and Hoagland, Longo, Moran, Dunst, & Doukas, LLP*


Shaun S. McGregor, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
33 Washington Street
Newark, New Jersey 07102
*Attorneys for Defendant Philip Kaufman*

PHILIP R. KAUFMAN, ESQ.
54 Woodbridge Avenue
Highland Park, New Jersey 08904

*Attorney for Defendants Hui Lin Wei and Shuang He*

**<u>DEBEVOISE, Senior District Judge</u>**

## I. <u>PROCEDURAL HISTORY</u>

Plaintiff Katharine Lai ("Ms. Lai" or "Plaintiff") filed a complaint against defendants Hui Lin Wei ("Wei"), Shuang He ("He"), Philip Kaufman ("Kaufman"), Susan O'Connor ("O'Connor"), and Hoagland, Longo, Moran, Dunst, & Doukas, LLP ("Hoagland") (collectively "Defendants") on January 11, 2007, alleging various acts of discrimination (the "Complaint"). In each of the three counts of the Complaint, Plaintiff seeks damages in the amount of $5,000,000 for violations of her rights under the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Fourth Amendment.

Thereafter, Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, defendants O'Connor and Hoagland requested sanctions pursuant to Fed. R. Civ. P. 11. By order dated May 14, 2007, the court granted Defendants' motions to dismiss and denied O'Connor and Hoagland's request for Rule 11 sanctions as procedurally improper. The court granted Defendants leave to file proper motions for Rule 11 sanctions and retained jurisdiction to decide those motions.

Defendants Wei, He, O'Connor, and Hoagland now move for sanctions pursuant to Rule 11. Plaintiff has also filed a motion for reconsideration of the court's May 14, 2007 order (the "May 14, 2007 Order"). For the reasons stated below, Defendants' motions for sanctions will be

granted and Plaintiff's motion for reconsideration will be denied.

## II. BACKGROUND

This action stems from an ongoing landlord/tenant dispute between Plaintiff and Wei. After being arrested twice by the police in conjunction with the dispute, Plaintiff filed a complaint in this court against the Highland Park Police Department and several officers alleging violations of her civil rights (Lai v. Highland Park Police Dep't, et al., 06-3402 (KSH)). During discovery in that action, Plaintiff sought to amend her complaint to add the current Defendants. After her application was denied by the Magistrate Judge, Plaintiff filed the Complaint in this action.

The Complaint contains several paragraphs, some of which set forth events that Plaintiff alleges were violations of her civil rights.[1] As to Plaintiff's disability, Plaintiff alleges that she was born with cerebral palsy and "cannot talk, walk or hold a pen like a normal person." (Compl. at p. 1).

Plaintiff alleges that "Ms. Wei and her daughter, Ms. He are Discriminating me [sic] like Chinese did for over 5,000 years." (Id.). Plaintiff claims that Wei lied to Plaintiff in order to rent space in Plaintiff's building to open a massage business. (Id.). Plaintiff alleges that Wei fabricated the lease agreement and failed to keep her promise that she would pay Plaintiff rental payments by bank check or money order. (Id.). Plaintiff claims that Wei failed to pay rent for her use of the parking lot and that Wei and He laughed at Plaintiff's "shaky hands & unbalance [sic] walking steps" and destroyed lights, walls, and ceilings on the second floor of the building.

---

[1] A substantial portion of the Complaint refers to events that do not allege any civil rights violations. For example, Plaintiff discusses events from several tenancy proceedings in state court that are irrelevant to her current claims.

(Id. at p. 2).  Finally, Plaintiff alleges that on May 24, 2006, He yelled at her in front of a client. (Id.).

Plaintiff alleges that Kaufman, Wei's lawyer in the tenancy proceedings, is "discriminating me [sic] as a Disabled, Chinese, Woman Property Owner too." (Id.).  Plaintiff claims that Kaufman sent Plaintiff a "wrongful" letter, repeatedly laughed at her poor English, and threatened to sue her. (Id.).  Plaintiff further alleges that Kaufman taught Wei and He how to use certain documents to mislead police into believing that Plaintiff had no right to evict them and that Kaufman was "one of the pushing hand [sic] behind" Plaintiff's two arrests. (Id.).  Additionally, Plaintiff claims that during a June 14, 2006 tenancy proceeding, Kaufman laughed at Plaintiff about the arrests and her poor English and accused her of fabricating the lease. (Id. at p. 3).

Plaintiff's allegations against O'Connor and Hoagland arise from O'Connor's representation of the Highland Park Police Department in Lai v. Highland Park Police Dep't, et al. (Id.).  Plaintiff alleges that O'Connor "never stop [sic] to play [sic] FAST TRICKS on me. . . . Filed FRIVOLOUS motions to dismiss my case without LEAVE of COURT. . . . Served me documents PASSED [sic] the DEADLINE to Rip Off my Legal Rights, hiding [sic] police records from me, influenced Court Clerk [sic] . . ." (Id.).  She claims that O'Connor served discovery and answers to Plaintiff's discovery past the deadline, and that her legal rights "are only a funny joke to them." (Id.).

### III.  DISCUSSION

A.  **Plaintiff's Motion for Reconsideration**

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.

4

Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).  It permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the original motion.  See NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard is high and reconsideration is to be granted only sparingly.  See U.S. v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).

The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992).

A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).  Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  In other words, "[a] motion for

reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

In Plaintiff's motion, she contends that the court "OVERLOOKED I am suing all defendants for their Discriminative & Abusive Acts to me." (Pls.' Br. 1). Plaintiff further claims that the Magistrate Judge who denied her motion to amend her complaint in Lai v. Highland Park Police Dep't, et al. "did not said [sic] that I cannot file a new complaint after I got the enough and solid evidences [sic]." (Id.). She contends that the court also overlooked "all the illegal and Criminal acts from Ms. O'Connor." (Id.).

Next, Plaintiff notes the following allegations that she apparently contends supports this motion: (1) she has received "solid evidence" that someone (referred to only as "he") sent a false and threatening letter that was used to have her arrested and that "he" filed a "fake complaint" and used an "un-executed" warrant to put her in jail; and (2) she alleges Wei committed forgery and perjury. (Id. at 1-2). Finally, Plaintiff concludes: "I really proved [Defendants] violated my Civil Rights, NJ state Laws and U.S. Laws. I should have every rights to sue them in this court. Especially now I even agreed to withdraw my rental fees part of complaint." (Id. at 2).

Plaintiff does nothing more than restate the arguments which the court has already considered. On Defendants' motions to dismiss, the court throughly analyzed the allegations in the Complaint and found them to be without merit. The fact that Plaintiff disagrees with that outcome does not provide her with a basis for reconsideration, especially where she has failed to demonstrate that the court has overlooked anything. Therefore, her motion will be denied.

B.    **Defendants' Motions for Sanctions**

Pursuant to Rule 11, "by presenting to the court . . . a pleading, . . . an attorney or

<u>unrepresented party</u> is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claim, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b) (emphasis added). "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction . . . ." Fed. R. Civ. P. 11(c).

Under the "safe-harbor" provision of Rule 11, a motion for sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." (<u>Id.</u>).

A Rule 11 sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). The sanction imposed by the court:

7

>  may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed. R. Civ. P. 11(c)(2). "When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Fed. R. Civ. P. 11(c)(3).

"The fact that plaintiff appears *pro se* does not immunize [her] from sanctions pursuant to Rule 11." *Pro se* status "does not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" Watson v. Englewood Police Dep't, Civ. A. No. 94-3920, 1995 WL 16780, at *2 (D.N.J. Jan. 12, 1995) (quoting Farguson v. MBank Houston N.A., 808 F.2d 358, 359 (5th Cir. 1986)).

Defendants O'Connor and Hoagland sent Plaintiff a "safe-harbor" letter on March 14, 2007 and filed their motion for sanctions on May 23, 2007. Defendants Wei and He sent Plaintiff a "safe harbor" letter on April 10, 2007 and filed their motion for sanctions on May 9, 2007. Thus, Defendants have complied with Rule 11(c)(1)(A).

In order to determine whether sanctions should be imposed, the court must evaluate the extent to which Ms. Lai has violated Rule 11 and what sanctions would deter future violations. As an initial matter, Ms. Lai was on notice that her claims against the current Defendants were futile. As the Magistrate Judge stated in her December 7, 2006 order in Lai v. Highland Park Police Dep't, et al. denying Plaintiff's motion for reconsideration of the order denying her motion to amend the complaint,

> the Court has review[ed] the proposed pleading attached to the plaintiff's motion for reconsideration and . . . . All of the newly proposed defendants, including Ms. O'Connor and her law firm, are not state actors and thus, they cannot be sued under Section 1983. Accordingly, the plaintiff's claims against them in this federal case are futile.

Thus, with knowledge that her claims against the current defendants were futile, Plaintiff proceeded to file the current action. This violated Rule 11(B)(2), as Plaintiff was on notice that her claims were not warranted by existing law. Fed. R. Civ. P. 11(b)(2). Additionally, there is evidence that her claims were presented to the court for an improper purpose in violation of Rule 11(B)(1).

Ms. Lai has an extraordinary history of filing meritless claims. For at least the last ten years, Ms. Lai has filed numerous actions within this district and in the state courts. A letter opinion by the Honorable Alfred M. Wolin, dated September 15, 1997, demonstrates just how long Ms. Lai's abuse of the judicial system has been tolerated. In that opinion, Judge Wolin dismissed two actions that were brought by Ms. Lai: (1) <u>Lai v. New Jersey State Government</u> (97-2141) ("97-2141"); and (2) <u>Lai v. New Jersey State Government, et al.</u> (97-53), where she sued: the State Government; Stacy Santola and the law firm of Dell'Italia, Affinito, Jerejian & Santola; William Slattery and the law firm Norris, McLaughlin & Marcus; and Michael Luciano and the law firm Glazer & Luciano ("97-53").

By way of background to 97-53, the Dell'Italia law firm originally represented Ms. Lai in a civil suit to recover real estate commissions. The jury entered a judgment for Ms. Lai and the defendants appealed. The Appellate Division reversed the trial court's decision and remanded the matter to state court for an order dismissing Ms. Lai's complaint. Thereafter, Ms. Lai filed a

civil complaint in New Jersey Superior Court against the Dell'Italia law firm, Howard Kestin, and Robert Wilentz, alleging that defendants either accepted a bribe or otherwise colluded with Ms. Lai's adversary in order to have her jury award overturned.  The Honorable Carol A. Ferentz dismissed the complaint.

After exhausting her options in state court, Ms. Lai filed a complaint in this court against, among others, the Dell'Italia firm and the law firm Norris, McLaughlin & Marcus (96-4753).  The Honorable John W. Bissell dismissed the complaint on October 16, 1996.  On October 22, 1996, Ms. Lai attempted to file an amended complaint.  Judge Bissell dismissed the complaint pursuant to two separate orders.  Both orders specifically precluded Ms. Lai "from filing any further papers in the within action.," and directed the Clerk of this Court "to refuse to accept any such papers . . . [except for a notice of appeal]."  Thereafter, Ms. Lai filed 97-2141 and 97-53.

Judge Wolin, in dismissing both actions, found that the allegations in 97-2141 and 97-53 were essentially the same as those contained in 96-4753.  Additionally, Judge Wolin found:

> Rather than filing an appeal in accordance with Judge Bissell's directive, Lai has essentially elected to add the State as a defendant and slightly rewritten her purported claims to circumvent Judge Bissell's Order.  Moreover, Lai has ignored Judge Bissell's directive prohibiting her from any further filings in an action involving defendants if the basis if [sic] the action is essentially the same as the 96-4753 suit.  In light of the above, this Court will dismiss Lai's Complaints in actions 97-53 and 97-2141 with prejudice and will direct the Clerk of this Court not to accept any more filings on any action without prior review by this Court to determine whether the filings are palpably meritorious.

(Wolin Letter Opinion, Sept. 15, 1997 at 16-17).

More recently, at least two courts have similarly noted Ms. Lai's complete disregard for any court's authority.  In Lai v. District V-C Ethics Committee, Civ. A. No. 06-2661, 2006 WL

3677933 (D.N.J. Dec. 11, 2006), Ms. Lai, proceeding *pro se*, the court granted defendants' motion for Rule 11 sanctions.

The background of that case is as follows. Ms. Lai filed a bankruptcy action in February 2001. Following motion practice in the bankruptcy proceeding, Ms. Lai filed an action in March 2002 in the Superior Court of New Jersey against the bankruptcy trustee's counsel for actions related to the bankruptcy case. Id. at *1. The state case was removed to the bankruptcy court and on February 5, 2004, the complaint was dismissed by the bankruptcy court. Id. On December 16, 2004, the bankruptcy court judge entered an order permanently enjoining Plaintiff from commencing a lawsuit or any other action against any of the parties in the bankruptcy action. Id.

On June 13, 2006, Ms. Lai filed her complaint in Lai v. District V-C Ethics Committee. The complaint related "entirely to actions taken by Defendants in relation to her bankruptcy and by the Ethics Committee that failed to sanction Defendant . . ." Id. at *2. Ms. Lai alleged therein that she "realized that defendants are all Jewish as well as many of members of District V-C Ethics Committee. That's why they all discriminated me as Chinese, Disabled, Woman." Id. In granting the motions to dismiss, the court concluded that it "can discern no merit, and Plaintiff has presented no valid support, for any of the claims in her Complaint. Regardless, Plaintiff filed her meritless Complaint and continues to prosecute it." Id. at *4.

In granting defendants' motion for Rule 11 sanctions, the court found that a non-monetary directive was a sufficient sanction and ordered that Ms. Lai "may not file any further lawsuit, administrative proceeding or any other action, for any reason, against any of the Defendants or their counsel or any other person that has acted on their in this matter related to any of the events discussed in her Complaint . . . without permission of this Court." Id. In denying Defendants'

11

request for attorney's fees, the court noted that "a request for fees and other monetary sanctions would be appropriate if Plaintiff fails to comply with the Orders of this Court."

Finally, in an order dated December 15, 2006 in <u>Lai v. Dr. Leon Dick</u> (ESX-L-7445-04), the Honorable Eugene J. Codey denied Ms. Lai's motion for reconsideration of an order granting summary judgment to defendants. In that order, Judge Codey found that "Ms. Lai has displayed a pattern of long-standing behavior of failing to comply with numerous prior court orders in this matter."

As the foregoing demonstrates, Ms. Lai clearly has no respect for the legal system. Ms. Lai has consistently violated orders prohibiting her from filing new actions without permission of the court, and complaints that she has filed have been completely lacking in merit[2]. In the present case, Ms. Lai was on notice that her claims had no merit yet proceeded to file her Complaint. Her actions over the last ten years reveal a warped sense of reality that no doubt fuels her relentless appetite for ongoing litigation.

Up to this point, the sanctions imposed on Ms. Lai have been non-monetary and clearly have had no effect. Thus, in addition to directing that Ms. Lai be enjoined from filing in this District, <u>in any matter</u>, without permission of the court, the court will order that Plaintiff pay a penalty into court in the amount of $5,000.00 and that Plaintiff pay the Defendants' attorneys' fees and other expenses incurred with respect to the filing of these motions. As Judge Barry succinctly stated: "while this court is, as it must be, solicitous of *pro se* litigants, *pro se* status will not insulate an individual when he or she, dragging opposing counsel along the way,

---

[2]The court has only described a few of the meritless lawsuits that Ms. Lai has filed over the years.

determines to make this court her personal playground." <u>Smith v. Continental Ins. Corp.</u>, 747 F. Supp. 275, 285 (D.N.J. 1990).

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motions for sanctions will be granted and Plaintiff's motion for reconsideration will be denied.  The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        June 26, 2007